UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCIE REICHLE,

    Plaintiff,

v.                                               CASE NO: 8:05-cv-1002-T-23TGW

MORGAN STANLEY DW, INC.,

    Defendant.
_____/

**ORDER**

        The plaintiff submitted her original "statement of claim" to the National Association of Securities Dealers, Inc., ("NASD") for arbitration. The "statement of claim" sought $315,805.77 in compensatory damages and asserted a violation of Chapter 15, Florida Statutes, breach of fiduciary duty, negligence and negligent supervision, and common law fraud. The parties arbitrated the claims before a NASD panel. The panel issued an arbitral award favoring the defendant and stating:

> The panel finds that [the plaintiff] failed to meet her burden of
> proving all the essential elements of any of her causes of action,
> and therefore denies all relief requested by her.

        Pursuant to Sections 682.13 and 682.17, Florida Statutes, and 9 U.S.C. §§ 6, 10 and 12, the plaintiff moved in state court (Doc. 4) to vacate the arbitral award and to again arbitrate the claim. Pursuant to 28 U.S.C. § 1332, the defendant removed (Doc. 1) the motion. The plaintiff moves (Doc. 12) to remand and asserts that the court lacks diversity jurisdiction over the motion.

The plaintiff argues that the amount in controversy fails to satisfy the statutory minimum for diversity jurisdiction because the motion seeks to vacate an arbitral award entirely favoring the defendant and providing the plaintiff no monetary or other relief--in other words, an award of zero.  In response, the defendant argues that because the plaintiff seeks a renewed opportunity to prevail on her claim for over $315,000.00, the amount in controversy equals the amount at stake assuming the court vacates the award and grants a fresh arbitration.

Courts have adopted more than one approach to determine the amount in controversy on a motion to vacate an arbitral award.  See e.g. Choice Hotels Intern., Inc. v. Felizardo, 278 F. Supp.2d 590, 593 (D. Md. 2003) ("Courts are not uniform in their approach to determining the amount in controversy in an action challenging an arbitration award.").  As the defendant notes, if the motion to vacate also seeks a new arbitration, the Seventh and Ninth Circuits look to the amount of the original claim resolved by the first arbitration.  Sirotsky v. NYSE, 347 F.3d 985 (7th Cir. 2003); Theis Research, Inc. v. Brown & Bain, 400 F.3d 659 (9th Cir. 2005).  However, the Eleventh Circuit apparently looks directly to the amount of the challenged award.  See Christopher L. Frost, Welcome to the Jungle: Rethinking the Amount in Controversy in a Petition to Vacate an Arbitration Award Under the Federal Arbitration Act, 32 Pepp. L. Rev. 227, 238 (2005) (describing three approaches to determine the amount in controversy in a motion to vacate an arbitral award and citing the Sixth and Eleventh Circuits as adopting the "most common approach," which looks to the amount of the award); Baltin v. Alaron Trading Corp., 128 F.3d 1466 (11th Cir. 1997); Ford v. Hamilton

Invs., Inc., 29 F.3d 255, 260 (6th Cir. 1994); see also Goodman v. CIBC Oppenheimer & Co., 131 F.Supp.2d 1180, 1184 (C.D.Cal. 2001) (citing Baltin and Ford in support of the conclusion that "[t]he amount in controversy is equal to the arbitration award regardless of the amount sought in the underlying arbitration."); Mannesmann Dematic Corp. v. Phillips, Getschow Co., No. Civ. A. 3:00-CV-2324-G, 2001 WL 282796 at * 2 (N.D. Tex. March 16, 2001) (adopting the reasoning of the Sixth and Eleventh Circuits to depend solely on the amount of the award in an action to vacate).

In short, the issue presented by the present motion to remand yields a division among the authorities. Economy and clarity commend ready reference to the face of the arbitral award, on which an easily ascertainable "amount in controversy" is vividly registered, often after arduous exertion and disabling expense. On the other hand, an assessment of the claimant's economic aspirations in the unsuccessful arbitration reveals the arguable consequence, expressed in dollars, of the claimant's eventual success, i.e., the arguable consequence if the claimant removes the bar of the adverse arbitral award, if the claimant prevails in the subsequent "re-do" of the arbitration, and if the opposing party (straining mightily to re-pay the claimant's compliment) fails in the reciprocal attempt to vacate the new arbitral award.

The difference in the competing answers to the pending question depends on which of the two contending "controversies" (as in "amount in controversy") controls the pending question. The only controversy before the district court in the instance of a motion to vacate an arbitral award is the controversy directed at the validity of the arbitral award and not the more remote controversy directed to the correctness of the

arbitral award; i.e., the district court decides not whether the amount, if any, of the award is correct but whether the award was lawfully entered by the arbitral authority.  In fact, in an action presenting a motion to vacate an arbitral award, the dispute that might yield to the claimant real dollars in excess of the oppugned arbitral award will NEVER pend as a "controversy" before the district court for decision on the merits.  In this context, looking past the face of the arbitral award to determine the "amount in controversy" effectively substitutes as the mechanism of decision a dispute, resolved by arbitration and barred, that the district court can never and will never decide and overlooks as a mechanism of decision the dispute that actually presents itself for decision in the district court.  This odd substitution occurs notwithstanding the fact that the two competing controversies, one pending only before the arbitral authority and the other pending only before the judicial authority, present no common issue of law or fact. (9 U.S.C. § 10 permits the judicial authority to vacate an arbitral award in five circumstances.[*]  Under no circumstance may the arbitral authority vacate the arbitral

---

[*]Section 10(a) of the Federal Arbitration Act states:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon application of any party to the arbitration -
>    (1) Where the award was procured by corruption, fraud, or undue means.
>    (2) Where there was evident partiality or corruption in the arbitrators, or either of them.
>    (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
>    (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
>    (5) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

- 4 -

award pursuant to 9 U.S.C. § 10.)  This proposed preference for a dispute that never has and never will pend before the district court as the mechanism by which to decide the "amount in controversy" in an entirely different dispute pending before the district court is, at the very least, dicey.

In consideration of (1) the division among pertinent legal precedent, (2) the need for a the confirmation of a firm jurisdictional basis in the district court before supplanting the authority of the state, (3) the remoteness and distinctiveness of the dispute resolved by the arbitral authority in comparison to the dispute pending before the district court, (4) the certainty of the state's residual jurisdiction to adjudicate the motion to vacate the arbitral award, and (5) the entitlement of the party prevailing in the arbitration to the benefits of the arbitral award, including its res judicata effect and its presumption of correctness, unless and until the award is lawfully overturned, the plaintiff's motion (Doc. 10) to remand is **GRANTED** and this action is **REMANDED** pursuant to 28 U.S.C. § 1447.  The Clerk is directed to (1) mail a certified copy of this order to the Clerk of the Circuit Court for Hillsborough County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on October 17, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   US Magistrate Judge
      Courtroom Deputy